# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MICHAEL THOMAS                                              PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:11CV-P102-H

KENTUCKY STATE REFORMATORY et al.                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Michael Thomas, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

## I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Kentucky State Reformatory (KSR), sues in their individual and official capacities KSR employees Dr. Harris and Dr. Kubinder. He also sues KSR. He states:

> I have put in at least 10 medical slips to see the doctors and been denied help. I had pins put in my ankle[.] When the doctor put them in he said they would have to come out. Now I seen Dr. Harris and Dr. Kubinder and they refuse to help me. They say just take Tylenol. I have wrote and pleded with KSR for help and have been ignored and each day my foot gets worse. I must live in pain and my foot will not heal right because of this.

Plaintiff asks for help under the U.S. and Kentucky Constitutions. As relief, he wants monetary and punitive damages and injunctive relief in the form of $10,000 to fix his foot.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Official-capacity claims*

Plaintiff's suit against Defendants Harris and Kubinder in their official capacities are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Plaintiff's claims for money damages from these state officers in their official capacities fail to allege cognizable claims under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss the claims for monetary relief against Defendants Harris and Kubinder in their official capacities pursuant to §§ 1915A(b)(1) and (b)(2). For the same reasons, the Court will dismiss the claims against KSR.

*Individual-capacity claims*

The Court will allow Plaintiff's individual-capacity, Eighth Amendment claims against Defendants Harris and Kubinder to go forward. In doing so, the Court passes no judgment as to the ultimate merit of those claims.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will, by separate Order, dismiss Plaintiff's claims against KSR and Defendants Harris and Kubinder in their official capacities. The Court will enter a separate Scheduling Order to govern the development of Plaintiff's remaining claims.

Date:


cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009